UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

                                                                                 No. 22-CR-230 (DC)

       -against-

SHUJUN WANG,

               Defendant.

-------------------------------------------------------x


**MEMORANDUM OF LAW IN OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE TO ADMIT CERTAIN EVIDENCE AND PRECLUDE CERTAIN EVIDENCE AND AGGUMENTS AT TRIAL**


KEVIN KERVENG TUNG, P.C.
Attorneys for Defendant
SHUJUN WANG
Queens Crossing Business Center
136-20 38th Avenue, Suite 3D
Flushing, NY 11354
(718) 939-4633

Kevin K. Tung, Esq.
ktung@kktlawfirm.com

Of Counsel

## TABLE OF CONTENTS

| | | |
|---|---|---|
| RELEVANT BACKGROUND ………………………………………………… | | 1 |
| ARGUMENT …………………………………………………………………… | | 2 |
| I. | Statements as Party-Opponent Admission …………………………….. | 2 |
| II. | Statements by the Co-Defendant and Daughter of the Defendant …….. | 2 |
| III. | Admissibility of Proffer-Protected Statements ………………………… | 3 |
| IV. | Regarding Selective-Prosecution Defense …………………………….. | 3 |
| V. | Admissibility of Prior Bad Acts ……………………………………….. | 4 |
| VI. | Regarding Hearsay Statements from Deceased Individuals …………… | 6 |
| VII. | Regarding Classified Information …………………………………….. | 9 |
| VIII. | Regarding Improper Use of Agent Reports to Impeach Witnesses …… | 9 |
| IX. | Limit Public Disclosure of Personal Identifiable Information of the Victim ………………………………………………... | 9 |
| X. | Regarding Required Prior Notice Under Rules 12.1, 12.2, and 12.3 …. | 10 |
| XI. | Testimony of Defendant's Interactions with Hong Kong Dissident #1 .. | 10 |
| XII. | Regarding the Identities of the Undercover Law Enforcement Agent … | 11 |
| XIII. | Regarding Evidence and Argument About Possible Punishment ……… | 12 |
| CONCLUSION …………………………………………………………………. | | 12 |

# TABLE OF AUTHORITIES

**CASES** — **PAGE**

Scheel-Baggs v. Bank of Am., 575 F.Supp.2d 1031 (W.W.D.C. 2008) ......... 7

United States v. Clairborne, 2012 U.S. Dist. LEXIS 97747, *2 .................. 5

United States v. Gupta, 747 F.3d 111, 123 (2nd Cir. 2014) ........................ 3, 11

United States v. Jones, 248 F.3d 671, 676 (7th Cir. 2001) ........................ 6

United States v. Kurland, No. 20-CR-306 (S-1) (NGG), 2022 WL 2669897 at *11 (E.D.C.Y. Jul 11, 2022) ................................................................ 6

United States v. Lavalley, 957 F.2d 1309 (6th Cir. 1992) .......................... 7

United States v. Senak, 527 F.2d 129, 1975 U.S. App. LEXIS 12252 (7th Cir. 1975), *cert. denied*, 425 U.S. 907, 96 S. Ct. 1500 47 L. Ed. 2d 758, 1976 U.S. LEXIS 833 (1976) ...................................... 5

United States v. Tsinnijinnie, 91 F.3d 1285, 1288-89 (9th Cir. 1996) ........... 5

United States v. Turner, 583 F.3d 1062, 1065-66 (8th Cir. 2009), *cert. denied*, 130 S. Ct. 1928, 176 L. Ed. 2d 396 (2010) ............................................ 5

**STATUTES**

Federal Rule of Evidence 401 ...................................................... 6

Federal Rule of Evidence 402 ...................................................... 6

Federl Rule of Evidence 404(b) ..................................................... 4, 6

Federal Rule of Evidence 801(d)(2)(A) ............................................. 2

Federal Rule of Evidence 803(1) .................................................... 8

Federal Rule of Evidence 803(3) .................................................... 8

Federal Rule of Evidence 803(6) .................................................... 7, 8

Federal Rule of Evidence 803(7) .................................................... 7, 8

**MEMORANDUM OF LAW IN OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE TO ADMIT CERTAIN EVIDENCE AND PRECLUDE CERTAIN EVIDENCE AND AGGUMENTS AT TRIAL**

**RELEVANT BACKGROUND**

The defendant Shujun Wang is a naturalized United States citizen of Chinese descent and one of the founders of the pro-democracy Hu Yaobang and Zhao Ziyang Memorial Foundation (the "Memorial Foundation"), an organization located in Flushing, Queens. The members of the Memorial Foundation are well-known pro-democracy dissidents who oppose the current government of the People's Republic of China ("PRC"). The mission of the Memorial Foundaton is to use the principle of Peaceful Evolution to infiltrate and subvert socialist countries, notably China, by spreading Western political ideas and lifestyles, inciting discontent, and encouraging groups to challenge the Chinese Communist Party (CCP) leadership. According to Chinese readings of the US policy, such efforts are intended cause socialist system to be transformed from within China.

The phrase Peaceful Evolution was formulated by the former US Secretary of State John Foster Dulles during the Cold War in the 1950s chiefly in the context of the Soviet Union, but has not subsequently featured in official discussions of US policy in China. Chinese analyses of US foreign policy, however, hold that it has constituted part of the theoretical foundation for US relations with the People's Republic of China.

In the instant case, defendant Shujun Wang is charged with the following counts.

    Count One:    Conspiracy to Act as Agent of Foreign Government Without Prior Notification to the Attorney General

    Count Two:    Acting as an Agent of a Foreign Government Without Prior Notification to the Attorney General

    Count Three: Criminal Use of Identification

1

Count Four:   False Statement

Defendant Shujun Wang denied the allegations. Defendant Shujun Wang claims that he is not an agent of foreign government.  Rather his contact with the officials of Chinese government Ministry of State Security ("MSS") was for the purpose to disseminate the Oversea Chinese Pro-democracy movement into the Chinese Government, a typical action carried out by many of the organizations of Chinese pro-democracy groups in the United States.  His conducts were part of the mission of the Memorial Foundaton to use the principle of Peaceful Evolution to infiltrate and subvert PRC, by spreading Western political ideas and lifestyles, inciting discontent, and encouraging groups to challenge the Chinese Communist Party (CCP) leadership. For the purpose to hide his true purpose to infiltrate the Chinese government officials, Mr. Shujun Wang needs to maintain some level of contacts with the officials.  Unfortunately, FBI Agents misunderstood him and his role.

## ARGUMENT

### I.   Statements as Party-Opponent Admission

Defendant Shujun Wang has no objection to admitting these statements at trial, assuming that the government will prove that the proffered statements meet the requirements of Federal Rule of Evidence 801(d)(2)(A). Obviously, something cannot be ascertained at this point based upon the government's motion.

### II.   Statements by the Co-Defendant and Daughter of the Defendant

The government in its motion in limine asked the Court to permit the government to admit certain text messages between the defendant and his co-conspirators, including his co-defendants and daughter. (See, Government Memorandum of Law in Support at page 15) The government cited the correct law in its legal framework and analysis. (See, Government

2

Memorandum of Law in Support at page 12-15) However, to admit such statements, a court must find by a preponderance of the evidence that (i) "there was a conspiracy"; (ii) "its members included the declarant and the party against whom the statement is offered"; (iii) "the statement was made during the course of and in furtherance of the conspiracy." *United States v. Gupta*, 747 F.3d 111, 123 (2nd Cir. 2014).

In the instant case, there is no evidence or even mentioning in the complaint or indictment that the daughter of the defendant Shujun Wang is a co-conspirator. The Daughter of the defendant Shujun Wang is not named as the co-defendant. Therefore, before this Court can grant the government's request to admit the text messages between the alleged co-defendants and his daughter, the government must first establish there is a conspiracy between the co-defendants and the defendant Shujun Wang. For the messages between defendant Shujun Wang, this Court must deny the government's request, because there is no evidence or even allegation that the daughter of the defendant Shujun Wang was a co-conspirator or named as a co-defendant.

### III. Admissibility of Proffer-Protected Statements

Defendant Shujun Wang has no objection to admitting these statements at trial, assuming that the government will prove that the defendant Shujun Wang violates the terms of his proffer agreement.

### IV. Regarding Selective-Prosecution Defense

Government in its motion in limine asked the Court to disregard any argument or evidence concerning the motive for investigation and prosecution of the defendant by the government. (See, Government Memorandum of Law in Support at page 18) Defendant does not fully agree.

Defendant Shujun Wang would like to clarify that defendant still can introduce evidence of his state of mind at the time when the UC in July of 2021 came to his residence in Norwich, Connecticut, the UC told defendant Shujun Wang that he could help defendant Shujun Wang to get rid of "diaries" and other incriminating messages in certain email accounts. Defendant Shujun Wang's state of mind at that time concerning the influence on hid state of mind by the so called "China Initiative" is highly relevant probative evidence. The China Initiative is led by the Department's National Security Division (NSD), which is responsible for countering nation-state threats to the United States. As a result, many scholars in the United States with Chinese origin were investigated and prosecuted, which has a great impact on the state of mind of defendant Shujun Wang in answering the inquiries from the UC in Norwich, Connecticut. Defendant Shujun Wang's fear for being the target for unwarranted investigation by FBI was highly relevant evidence. Therefore, defendant Shujun Wang requests that the government's request to disregard any argument or evidence concerning the motive for investigation and prosecution of the defendant by the government should be granted to the extent that defendant Shujun Wang can still testify his state of mind when giving his answers to the UC.

## V.     Admissibility of Prior Bad Acts

Government intends to introduce additional bad acts by defendant Shujun Wang under Federl Rule of Evidence 404(b), including that the defendant possessed fraudulent identification documents, bank statements, and employment-verification documents in other individuals' names and defendant Wang was sued for plagiarizing another author's book in China.

Pursuant to Fed. R. Evid. 404(b), prior bad act evidence may be admissible for another purpose, but its admission is subject to a four-factor admissibility test. The evidence must: (1) be relevant to a material issue raised at trial, (2) be similar in kind and close in time to the crime

4

charged, (3) be supported by sufficient evidence to support a finding by a jury that the defendant committed the other act, and (4) not have a prejudicial value that substantially outweighs its probative value. *United States v. Turner*, 583 F.3d 1062, 1065-66 (8th Cir. 2009) (quotation omitted), *cert. denied*, 130 S. Ct. 1928, 176 L. Ed. 2d 396 (2010). Under Rule 404(b), similar acts introduced to establish motive, opportunity, etc., need not be crimes. *United States v. Senak*, 527 F.2d 129, 1975 U.S. App. LEXIS 12252 (7th Cir. 1975), *cert. denied*, 425 U.S. 907, 96 S. Ct. 1500, 47 L. Ed. 2d 758, 1976 U.S. LEXIS 833 (1976).

"In finding that the United States may introduce the evidence under Federal Rule of Evidence 404(b), the Court analyzed the factors set out in *United States v. Tsinnijinnie*, 91 F.3d 1285, 1288-89 (9th Cir. 1996). The four factors are: (1) the uncharged act is introduced to prove a material issue in the case; (2) the uncharged act was not too remote in time; (3) sufficient proof exists for the jury to find that the defendant committed the uncharged act; and (4) the uncharged act is similar to the offense charged. *United States v. Clairborne*, 2012 U.S. Dist. LEXIS 97747, *2. (The evidence of the fraudulent identification documents is material to prove the defendant's intent to steal the purse and to prove that the carrying away of the purse was not the result of mistake or accident.)"

In the instant case, the evidence of possession of the fraudulent identification documents, bank statements, and employment-verification documents are not material to prove the defendant's intent to work for PRC, nor in furtherance of the charged conspiracy to work with the co-conspirators for the Chinese government. Whether Wang's uncharged acts, fraudulent possession of other individual's identification documents and financial documents, and plagiarizing other authors' work, require a mini trial to prove defendant Shujun Wang had committed the uncharged act, because the government must show the element of "knowingly

5

possession" for that bad act. Simply holding someone's identification documents without knowledge is irrelevant to the charged crime. See, *United States v. Kurland*, No. 20-CR-306 (S-1) (NGG), 2022 WL 2669897, at *11 (E.D.C.Y. Jul 11, 2022) (Although sorting out the validity of [certain] allegations may sometimes be necessary, doing so here would require a mini-trial on issues entirely unrelated to the charges the [defendant] faces, and the court finds that this kind of distraction outweighs the marginal probative value it would provide.")

It is well established that "[e]vidence is relevant" and thus, admissible, if: (a) it has any tendency to make a fact more or less probable that it would be without the evidence; and (b) the fact is of consequence in determining the action," Fed. R. Evid. 401, and the irrelevant evidence, is, of course, inadmissible, Fed. R. Evid. 402. Since the evidence of fraudulent possession of other individual's identification documents and financial documents by the defendant and plagiarizing another author's book in China does not relate to any of the essential elements of the offenses that defendant Wang has been charged with, the government's sole purpose in seeking to show that Mr. Shujun Wang's actions violated some other statute would be to show that he is willing to break the law. But this is precisely the type of "propensity" evidence that is specifically excluded under Federal Rule of Evidence 404(b), which expressly prohibits the use of "[e]vidence of any other crime, wrong, or act to … prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Those "evidence," really a legal determination, should be excluded, because those evidence is unfairly prejudicial only to the extent that it will cause a jury to decide the case on improper grounds. *United States v. Jones*, 248 F.3d 671, 676 (7th Cir. 2001).

**VI.    Regarding Hearsay Statements from Deceased Individuals**

6

The government is seeking to preclude the defendant Shujun Wang from eliciting testimony or making arguments that the former President of the Memorial Foundation, who are both deceased, made such statements. Defendant Shujun Wang objects this preclusion requested by the government on the following grounds. Defendant Shujun Wang will introduce an email communication from the former President Jin Jin Li of the Memorial Foundation to several members of the Memorial Foundation. A copy of the email is annexed hereto as Exhibit "A".

In the email, the deceased President Jin Jin Li wrote in response to a member Amei Zhang's email and Jin Jin Li's email was copied to Mr. Shujun Wang and others. Jin Jin Li wrote that "Thanks a lot for Mr. Chen's donation. I don't know why Hu, Deping didn't know about the Huyaobang & Zhaoziyang Foundation. It looks like our communication work needs further improvement. Singed Jin Jin." This email communication record is part of the regular activity of the organization and the business records of the Memorial Foundation that Mr. Shujun Wang kept as the secretary general. Therefore, this email is admissible as an exception to hearsay in accordance Fed. R. Evid. 803(6). See, *United States v. Lavalley*, 957 F.2d 1309 (6th Cir. 1992), *Scheel-Baggs v. Bank of Am.*, 575 F.Supp.2d 1031 (W.W.D.C. 2008) (The denial letters are admissible under the business records exception, or the residual exception, Fed. R. Evid. 807.)

Moreover, this email communication between deceased President Jin Jin Li satisfied the Rule 807, Residual Exception.

> **(a) In General.** Under the following conditions, a hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible under a hearsay exception in Rule 803 or 804:
> **(1)** the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and
> **(2)** it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.
> **(b) Notice.** The statement is admissible only if the proponent gives an adverse party reasonable notice of the intent to offer the statement—including its

7

substance and the declarant's name—so that the party has a fair opportunity to meet it. The notice must be provided in writing before the trial or hearing—or in any form during the trial or hearing if the court, for good cause, excuses a lack of earlier notice.
Fed. R. Evid. 807. Residual Exception.

This email is supported by sufficient guarantees of trustworthiness. This email was copied to many recipients. Mr. Shujun Wang reproduced this email from his Gmail account. This email is more probative on the point for which it is offered than any other evidence that Mr. Shujun Wang can obtain through reasonable efforts, because the sender former President Jin Jin Li of the Memorial Foundation was mysteriously killed by a young woman from China. Otherwise, he would come to the Court to testify for Mr. Shujun Wang that he encouraged the members to improve communications with the people inside of China.

In addition, this email qualifies the exceptions of state of mind and present sense impression to hearsay rule. Rule 803(3) Then-Existing Mental, Emotional, or Physical Condition states "[a] statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will." Rule 803(1) Present Sense Impression states "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." The former President Jin Jin Li of the Memorial Foundation's statements in his email "I don't know why Hu, Deping didn't know about the Huyaobang & Zhaoziyang Foundation. It looks like our communication work needs further improvement" demonstrates Mr. Li's present sense impression after he read Amei Zhang's email reporting that Hu De Ping, the son of Hu Yao Bang, has never heard the Memorial Foundation in China. Mr. Li's statement also demonstrates his state of mind about his future plan that the Memorial

8

Li's statement also demonstrates his state of mind about his future plan that the Memorial Foundation needs further improvement on communication work in China. Therefore, the email communication from the former President Jin Jin Li of the Memorial Foundation to several members of the Memorial Foundation in Exhibit "A" should be admissible.

### VII. Regarding Classified Information

Defendant Shujun Wang has no objection to precluding evidence or argument about the existence or absence of classified information as irrelevant. However, defendant Shujun Wang reserves the right to ask government witnesses or investigators from what source of information, either by tips of the government informant or publications of defendant Shujun Wang, that triggered the investigation of the alleged crime committed by the defendant Shujun Wang. Defendant Shujun Wang should have the right to confront with accusing witnesses. Obviously, something cannot be ascertained at this point based upon the government's motion.

### VIII. Regarding Improper Use of Agent Reports to Impeach Witnesses

Defendant Shujun Wang has no objection to government's request not to use the agent's reports to impeach the witnesses to the extent that defendant Shujun Wang shall still have the right to ask one of the government expert witnesses, a translator of many Chinese documents for the government, if certain words or translations used by the agent in his or her report were accurately translated from Chinese to English in the original documents. Obviously, something cannot be ascertained at this point based upon the government's motion.

### IX. Limit Public Disclosure of Personal Identifiable Information of the Victim

Defendant Shujun Wang has no objection to government's request not to disclose so-called victim's personal information in public, because defendant Shujun Wang is not aware that government has pointed out any specific victim of the alleged allegations against defendant

9

Shujun Wang. However, in the event, government identifies any victim, defendant shall have the right to introduce publicly available information about the so-called victim to the jury as the defense that whatever the alleged information disclosed by defendant Shujun Wang was already in public domain prior to the alleged disclosure of such information by defendant Shujun Wang. This right to rebut government's allegation that defendant Shujun Wang had disclosed Hong Kong Dissident #1 to PRC officials should be preserved during the trial, because the essence of defendant Shujun Wang's defense is that Hong Kong Dissident #1 was a well-known pro-democracy activist and a public figure, long before defendant Shujun Wang met him. The jury should be allowed to hear that testimony before deciding whether the arrest of the Hong Kong Dissident #1 was caused by defendant Shujun Wang's alleged disclosure of his identity. Obviously, something cannot be ascertained at this point based upon the government's motion.

### X.     Regarding Required Prior Notice Under Rules 12.1, 12.2, and 12.3

Defendant Shujun Wang has no objection to government's request to preclude evidence or argument relating to defenses that require prior notices to government pursuant to criminal procedure, except defendant Shujun Wang reserves the right to call a witness, Zhong Yan He, to testify that defendant Shujun Wang did not have connection with any officials of the Chinese Consulate to obtain visa or other favors. It was Zhong Yan He who was familiar with certain officials at the Chinese Consulate to assist defendant Shujun Wang to obtain visa or other favor.

### XI.    Testimony of Defendant's Interactions with Hong Kong Dissident #1

Government is seeking to introduce the text messages between defendant and co-defendant Li reflect Li tasking Wang and Wang's reporting on Hong Kong Dissident #1. However, to admit such statements, a court must find by a preponderance of the evidence that (i) "there was a conspiracy"; (ii) "its members included the declarant and the party against whom

10

the statement is offered"; (iii) "the statement was made during the course of and in furtherance of the conspiracy." *United States v. Gupta*, 747 F.3d 111, 123 (2nd Cir. 2014). Otherwise, the Court shall deny the request, because the co-defendant Li will not be called during the trial. Defendant Shujun Wang cannot cross examine the co-defendant Li. Defendant Shujun Wang will be prejudiced, especially government does not allege or intend to prove that defendant Shujun Wang's reporting led to Hong Kong Dissident #1's arrest. (See, Government Memorandum of Law in Support at page 37) Clearly, the probative value of the evidence here the government intends to introduce at the trial substantially is outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury. Therefore, this Court shall deny the request of the government for introducing the text messages between defendant and co-defendant Li reflect Li tasking Wang and Wang's reporting on Hong Kong Dissident #1.

**XII. Regarding the Identities of the Undercover Law Enforcement Agent**

Defendant Shujun Wang has no objection to government's request to use certain measures to protect the identities of the UC witness. However, defendant Shujun Wang shall still be able to confront with the UC witness with certain questions, including but not limited to, such as what is the background of the UC, where he received his education and training, what is his proficiency with Chinese language, what was the probable cause for the investigation, from what source of the information the UC relied on for beginning the investigation, what triggered the UC's visitation of defendant Shujun Wang's residence, and before entrapping defendant Shujun Wang's permission to delete information from computer if the UC already had sufficient facts that the defendant Shujun Wang had committed any crime. Those information are necessary for the jury to determine if defendant Shujun Wang had any premeditated motive to commit the alleged crime.

11

### XIII. Regarding Evidence and Argument About Possible Punishment

Defendant Shujun Wang has no objection to government's request to preclude evidence and argument about possible punishment other than that the defense counsel can still remind jury that their determination will have an impact on defendant's life.

### CONCLUSION

For the foregoing reasons, Mr. Shujun Wang respectfully requests that the Court grant the relief requested herein.

Respectfully submitted,

KEVIN KERVENG TUNG, P.C.
Attorneys for Defendant
Shujun Wang


By: /s/ Kevin K. Tung
_____
Kevin K. Tung, Esq.

Dated: June 16, 2024