

U.S. Department of Justice

*United States Attorney
Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

NJM:EHS/NCG
F. #2019R00989

July 29, 2024

By ECF

The Honorable Denny Chin
United States Court of Appeals
Visiting Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Shujun Wang
                Criminal Docket No. 22-230 (DC)

Dear Judge Chin:

      The government respectfully submits this letter in further support of its jury charge and in response to the defendant's opposition to the government's proposed jury instruction for Count Four, ECF No. 66 ("Def. Letter"). For the reasons set forth below, the government's proposed jury charge for Count Four is correct and should be charged to the jury.

    I.    The Government's Proposed Instruction

      On June 19, 2024, the government submitted its proposed jury charge, ECF No. 51 ("Gov't RTC"). On July 14, 2024, the defendant filed a letter requesting that the Court reject a portion of the government's proposed jury charge for Count Four of the Indictment. Specifically, the defendant opposes the following proposed jury charge:

> The second element the Government must prove beyond a reasonable doubt is that the Defendant's statement or representation was material. A statement is material if it is capable of influencing the Government's decisions or activities. However, the Government is not required to prove that the Defendant's statement in this case actually influenced the Government's decisions or activities in this particular investigation and the Government does not have to prove that anyone in the Government was actually misled by the Defendant's statements or that anyone in the Government relied on the Defendant's statements.

Def. Letter at 1; Gov't RTC at 39-40.

## II. The Tenth Circuit's Decision in Tao Did Not Change the Law on Materiality

The defendant argues that, pursuant to United States v. Tao, No. 23-3013, 2024 U.S. App. LEXIS 16956 (10th Cir. July 11, 2024), the government's proposed jury charge is incorrect. But nothing about Tao changed the law on materiality of a false statement.

In Tao, the Tenth Circuit reversed the defendant Feng Tao's conviction for making a false statement in violation of 18 U.S.C. § 1001. Tao was a chemistry professor at the University of Kansas ("KU"), who performed federally funded research. The government's evidence at trial showed that, while working on his federal grants at KU, Tao secretly applied for and took a concurrent position at Fuzhou University in China and failed to disclose that position to KU and his federal funders, the National Science Foundation and the U.S. Department of Energy.

In reversing Tao's conviction, the Tenth Circuit held that, even assuming Tao's certification regarding his list of time commitments was a false statement, there was insufficient evidence of the statement's materiality. The Tenth Circuit noted that all of Tao's federal grant applications were submitted prior to his taking a position at Fuzhou University. Id. at *13-14. Thus, the court reasoned, there was no pending decision before the federal agencies to which Tao's statement could have been material. Additionally, Tao's false statement was not material as to KU's efforts to ensure compliance with federal conflict-of-interest regulations. Id. at *17-22. The Tenth Circuit therefore reversed and remanded with instructions for the district court to enter a judgment of acquittal. Id. at *22.

## III. The Government's Proposed Jury Charge is Legally Correct

Nothing from Tao affects the accuracy of the government's legally correct proposed instruction. Indeed, the government's proposed jury charge contains exactly the language that the defendant quotes as the relevant law on materiality. Compare Gov't Proposed RTC at 39-40 ("A statement is material if it is capable of influencing the Government's decisions or activities.") with Def. Letter at 1 ("'A false statement is material if it has []a natural tendency to influence, or [is] capable of influencing, the decision of the decision[-]making body to which it was addressed.'" (quoting United States v. Gaudin, 515 U.S. 506, 509 (1995) (quoting Kungys v. United States, 485 U.S. 759, 770 (1988])))).

The defendant argues that the government is required to prove that the defendant's statement in this case actually influenced the government's decisions or activities. Def. Letter at 2. That is not the law. Indeed, Tao states exactly the opposite. There, the Tenth Circuit stated, "This materiality test is objective, so the individual decision-maker <u>need not actually rely on the statement, or even consider it at all</u>, in making the decision." 2024 U.S. App. LEXIS 16956, at *11 (citation omitted) (emphasis added). In Tao, the court determined that there simply was no pending decision, such that a misstatement could not have been material to any decision. Id. at *14 ("[W]ithout evidence of an actual decision capable of being influenced by the statement, the government cannot establish materiality."). Thus, the law remans clear that "the Government is not required to prove that the Defendant's statement in this case actually influenced the

Government's decisions." See Gov't RTC at 40. The government's proposed jury charge is therefore correct, and the Court should reject the defendant's proposed revisions.

To the extent the defendant requests a separate instruction that there must be "an actual decision capable of being influenced," see Tao, 2024 U.S. App. LEXIS 16956, at *14, the Gov't RTC already states, as noted above, that "[a] statement is material if it is capable of influencing the Government's decisions or activities." Gov't RTC at 40. Here, because there was already an ongoing law enforcement investigation into the activities of the defendant and officials from the People's Republic of China at the time the defendant made false statements to law enforcement, the defendant's false statements were capable of influencing the Government's decision, both with respect to additional investigatory steps to pursue and decisions about whether, and against whom, to pursue criminal charges. Cf. United States v. Gangapersad, No. 22-3171, 2023 WL 8540428, at *1 (2d Cir. Dec. 11, 2023) (law enforcement agents testified that the "false statements impacted their investigation"); United States v. Adekanbi, 675 F.3d 178, 183 (2d Cir. 2012) (lies during investigation and prosecution "can result in a significant hindrance to law enforcement's investigation or prosecution of crimes," and "can impede the government's ability to develop information about the subject crime," which made the lies at issue "material to the government's investigation").

IV. Conclusion

For the foregoing reasons, the government respectfully requests that the Court charge the jury in line with the government's proposed instructions.

Respectfully submitted,

BREON PEACE
United States Attorney

By: _____/s/_____
Ellen H. Sise
Nina C. Gupta
Assistant U.S. Attorneys
(718) 254-7000

Garrett Coyle
Trial Attorney

cc: Clerk of the Court (DC) (by ECF)
Counsel of record (by ECF and email)