

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NJM:EHS/NCG
F. #2019R00989

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 1, 2024

<u>By E-mail and ECF</u>

The Honorable Denny Chin
United States Court of Appeals
Visiting Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Shujun Wang
      Criminal Docket No. 22-230 (DC)

Dear Judge Chin:

  The government respectfully submits this letter to move to preclude several exhibits the defendant has represented that he plans to introduce at trial. For the reasons that follow, these exhibits are irrelevant and inadmissible hearsay. Accordingly, the government respectfully seeks their preclusion.

  I. <u>Background</u>

  On or about July 20 and July 21, 2024, the defendant made five separate exhibit list filings.[1] <u>See</u> ECF Nos. 79-83. These filings included proposed trial exhibits, which exhibits consisted almost exclusively of inadmissible, irrelevant, hearsay statements. The majority of the exhibits were highlighted and superimposed with what appear to be the defendant's own statements about the evidence. On or about July 21, 2024, the government asked the defense to meet and confer regarding their exhibit list. During the meet and confer, which occurred on or about July 22, 2024, the government asked the defense to explain the relevancy and admissibility of its exhibits so that, if necessary, it could move to preclude what it viewed as plainly irrelevant hearsay. Defense counsel responded that despite labeling these filings as exhibit lists, they were in fact the defendant's reciprocal discovery pursuant to Federal Rule of Criminal Procedure 16. The government asked the defense to provide the government with their exhibit list so it could narrow the motion to preclude to tailor it only to the defendant's intended trial exhibits. The

---

[1] Because the defendant's exhibits reflected victim and other personally identifying information the government sought sealing of these exhibits, which the Court granted.

defense was non-committal about when, if at all, they would produce their exhibit list but eventually stated that they would try to produce a trial exhibit list by the end of the week. On or about Saturday, July 27, 2024, the government again sought the defendant's exhibit list. On or about Sunday, July 28, 2024, the defense filed a list of exhibits which, with few exceptions, was the same as their previously filed exhibit list. On July 31, 2024, the government again sought clarification on what exhibits defense counsel planned to offer. Trial Tr. at 700-701. The Court directed defense counsel to "give the Government notice of the exhibits you intend to offer." Id. at 700:24-25. At 11:03 p.m. on July 31, 2024, defense counsel emailed the government and said that they were not amending their previously filed exhibit list; they also did not identify specific exhibits they intended to offer the following day.

II. Legal Standard

In assessing whether evidence is admissible at trial, courts must consider if the evidence is relevant, meaning that it has a tendency to make a fact more or less probable, and that fact is of consequence to the action. See Fed. R. Evid. 401, 402. The court may exclude relevant and otherwise admissible evidence only where its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or because it is cumulative. Fed R. Evid. 403.

III. The Defendant's Exhibits Should Be Precluded

The defendant's exhibit list is broken down into the following categories of exhibits: book covers, photographs, documents, and newspapers. The government addresses each of these categories in turn.

1. Book Covers

The defendant's exhibit list includes two book covers. The government moves to preclude Defendant's Exhibit 1, which appears to be a scan of a page of a book written by an individual described in the indictment as "Hong Kong Dissident #1" and a hand-written inscription. See ECF No. 79 at 4. Defendant's Exhibit 1 has what appears to be the defendant's own statement copied onto it written in Chinese. A machine translation of the defendant's statement describes this as a book that Hong Kong Dissident #1 inscribed for the defendant. Even assuming that the defense intends to introduce a version of Defendant's Exhibit 1 without the defendant's superimposed statement, Defendant's Exhibit 1 is irrelevant and inadmissible hearsay. The fact that Hong Kong Dissident #1 signed a book for the defendant is not relevant to a factual determination that the jury must decide. Moreover, what the defendant alleges is a statement of Hong Kong Dissident #1 is hearsay if offered for its truth. Defendant's Exhibit 6 likewise includes what appear to be the defendant's statements and highlighting. See id. at 9. The defendant's statement says that he was the deputy editor of a collection of essays "Breaking the Deadlock and China's Democratic Model." Id. The government objects to the admissibility of the defendant's statement describing Defendant's Exhibit 6. The book itself is also inadmissible hearsay if offered for its truth. If, in the alternative, Defendant's Exhibit 6 is being offered to show that the defendant wrote a book, the government requests to see the copy of the book before making objections, if any, as to its admissibility.

2

2. <u>Photographs</u>

The government objects to Defendant's Exhibits 31-42, 44, and 46-48, described as photographs, because they are irrelevant and include inadmissible hearsay. <u>See</u> ECF No. 80 at 4-21.  The government again objects to the defendant's hearsay statements superimposed over these images.  Many of the pictures are related to the defendant's books about the Pacific War, which are not relevant to the case.  Defendant's Exhibit 32 is a picture of a cat that the defendant, in his statement superimposed over the image, seems to suggest is the "real" Director He.  <u>See</u> <u>id.</u> at 32.  Of course, the defense opening acknowledged the defendant met with Director He and "did provide information about his colleagues to Director He about the comings and goings of the pro-democracy movement."  Trial Tr. at 228.  Defendant's Exhibits 46 and 47 are a photograph and hearsay statement about Hong Kong Dissident #1.  <u>See</u> <u>id.</u> 19-20.  To the extent the defendant wants to introduce a photograph of Hong Kong Dissident #1, and lays the proper foundation, the government has no objection.  Defendant's Exhibit 48 is a photograph of John Foster Dulles and includes a description about peaceful evolution.  <u>See</u> <u>id.</u> at 21.  The description about peaceful evolution is inadmissible hearsay.  The photograph of John Foster Dulles is plainly irrelevant to this case, which has nothing to do with him.  The defense should be precluded from offering these (and other analogous) irrelevant photographs.

3. <u>Documents</u>

The government moves to preclude Defendant's Exhibits 49-69, and 132-143.  <u>See</u> ECF No. 81.  As an initial matter, the Court previously ruled that the email labeled as Exhibits 61-63 is inadmissible.  June 26, 2024 Tr. at 17.  Defendant's Exhibits 49-54 are described as "testimony."  <u>See</u> ECF No. 81 at 2.  These documents are plainly inadmissible hearsay.  Defendant's Exhibits 55-60, 64-69, and 132-135 are documents related to the Hu Yaobang and Zhao Ziyang Memorial Foundation. (the "Memorial Foundation").  These documents are likewise inadmissible hearsay, although the government does not object to introduction of similar documents if they are properly authenticated as business records.  Finally, under the category "Newspaper" the defendant lists a letter, purporting to be his letter of resignation from the Memorial Foundation.  This is a document written by the defendant that contains false exculpatory statements.  The defendant handed this document to the FBI during his post-arrest statement.  This letter reflects hearsay (and at times double hearsay statements) and is inadmissible.

4. <u>Newspapers</u>

The government moves to preclude Defendant's Exhibits 70, 91, 94, 96, and 100-128.  <u>See</u> ECF No. 82-83.  For each of these the government objects to the defendant's statements and highlighting superimposed on these exhibits.  Even assuming the defendant were to provide a clean copy, these exhibits would be inadmissible.  These newspapers are the textbook definition of hearsay if offered for their truth.  Defendant's Exhibit 91 purports to be an article about one of the defendant's books.  ECF No. 82 at 31.  This is irrelevant and inadmissible hearsay.  To the extent any of the newspaper articles reflect that certain of the Memorial Foundation events were public, as the defendant's superimposed statements suggest, and they are being offered to show that these events were public, these articles should be precluded because they are not relevant to any factual determination that the jury has to make.  Whether the information the defendant provided to the MSS was public is irrelevant to whether he conspired to act and acted as an agent

of the Chinese government.  See United States v. Chaoqun, --- F.4th ---, 2024 WL 3355141, at *8 (7th Cir. July 10, 2024) ("[w]hat matter[s] under § 951 [i]s not that these acts were technically legal, but whether there [i]s 'evidence that [the defendant] acted knowingly at the behest of the [foreign government]'" ) (quoting United States v. Dumeisi, 424 F.3d 566, 581) (7th Cir. 2005)). Finally, these newspaper exhibits are in Chinese, and the defense has not provided the government with a translation of these articles.

IV.     Conclusion

For the foregoing reasons, the Court should preclude Defendant's Exhibits 1, 6, 31-42, 44, 46-70, 91, 94, 96, 100-128, and 132-143 as irrelevant, inadmissible hearsay.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   _____/s/_____
Ellen H. Sise
Nina C. Gupta
Assistant U.S. Attorneys
(718) 254-7000

Garrett Coyle
Trial Attorney

cc:   Clerk of the Court (DC) (by ECF)
      Counsel of record (by ECF and email)

4