# ZMO Law PLLC

August 2, 2024

*Via email and ECF*

Hon. Denny Chin, Visiting Judge
c/o Eastern District of New York
225 Cadman Plaza, Courtroom 6D
Brooklyn, New York 11201

    RE: *United States v. Shujun Wang*, 22 Cr. 230 (DC)

Dear Judge Chin:

This office, along with Kevin Tung, Esq., represents the defendant Shujun Wang in the above-captioned matter. We write to ahead of the Fed. R. Crim. P. 30 to be held today to request that the Court give the jury an adverse inference instruction related to the lost video recording of the defendant's alleged statement on April 12, 2019 at John F. Kennedy Airport.

Specifically, we ask that the jury be instructed as follow:

> **The government contends that the defendant made a materially false statement to federal agents on April 12, 2019. You heard evidence that government agents recorded the statement but the recording is no longer available. If you find that this recording was in the possession of the government at some point, but was not produced by the government at trial, you are permitted, but not required, to infer that the recording would have been unfavorable to the government.**

Adapted from *Sand et al.*, Modern Federal Jury Instructions-Criminal, Instr. 6-5 (Missing Witness Not Equally Available to Defendant).

This instruction is appropriate where, as here, the government "had an obligation to preserve [the recording] at the time it was destroyed, (2) []the records were destroyed with a culpable state of mind, and (3) the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *U.S. v. Garcia*, 596 Fed. Appx. 24, 26 (2d Cir. 2015). However, "bad faith need not be shown to justify an inference of spoliation." *Id.* (citing cases).

353 Lexington Avenue, Suite 900 • New York, NY 10016
(212) 685-0999 • zach@zmolaw.com
www.zmolaw.com

Here, government agents including the Customs and Border Patrol agent who testified at trial knew or should have known that the airport encounter with Prof. Wang was recorded and was highly material to the investigation and ultimate court case. Prof. Wang had already been under investigation for two years, the stop at the airport appears to have been planned in advance, and highly skilled, specialized Homeland Security and FBI agents participated in the encounter. Exactly what was said on that tape goes to the heart of Count IV, the false statements charge in the indictment, 18 U.S.C. § 1001. Although we do not allege any bad faith in the spoliation of the recording, we nonetheless submit that the jury should be advised that they may infer from its absence that it would have been unfavorable to the government.

Thank you for your attention to this case.

Very truly yours,

ZMO Law PLLC

By: *Zachary Margulis-Ohnuma*

Zachary Margulis-Ohnuma

CC: All Counsel